JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
John Roethke

**DEFENDANTS**
AdaptHealth, LLC; AdaptHealth Corp.; Community Surgical Supply; and Surgical Supply of Tom's River, LLC

**(b)** County of Residence of First Listed Plaintiff: Ocean County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
110 Marter Ave, Suite 502, Moorestown, NJ 08057

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [x] 442 Employment
- 443 Housing/Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 US.C. § 12101 et seq.; 29 U.S.C. § 2601 et seq.; N.J.S.A. 10:5-1, et seq.

Brief description of cause:
Plaintiff was discriminated against because of his disability.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/12/2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN ROETHKE**<br>Tom's River, NJ | Civil Action No. |
| Plaintiff | |
| v. | |
| **ADAPTHEALTH, LLC.** | |
| **ADAPTHEALTH CORP.** | |
| **COMMUNITY SURGICAL SUPPLY** | |
| **SURGICAL SUPPLY OF TOM'S RIVER** | **JURY TRIALD DEMANDED** |
| Defendants | |

## CIVIL ACTION COMPLAINT

**I.  INTRODUCTION**

Plaintiff, John Roethke, brings this action against his former employers, AdaptHealth, LLC; AdaptHealth Corp.; Community Surgical Supply; and Surgical Supply of Tom's River, LLC (collectively, "Defendants"), for violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("LAD").

Defendants terminated Plaintiff's employment because of his disability and in retaliation for having sought reasonable accommodations and protected medical leave. Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, attorneys' fees and costs, and all other relief that this Court deems appropriate.

**II.     PARTIES**

1. Plaintiff John Roethke is an individual and citizen of the State of New Jersey, residing therein in Tom's River, NJ.

2. Defendant AdaptHealth, LLC is a Delaware corporation with a principal place of business located in Plymouth Meeting, Pennsylvania.

3. Defendant AdaptHealth Corp. is a Delaware corporation with a principal place of business located in Plymouth Meeting, Pennsylvania.

4. Defendant Community Surgical Supply, a wholly owned subsidiary of AdaptHealth, LLC, is a New Jersey Corporation with a principal place of business in Plymouth Meeting, Pennsylvania.

5. Defendant Community Surgical Supply of Tom's River, LLC, a wholly owned subsidiary of AdaptHealth, LLC, is a New Jersey Corporation with a principal place of business in Plymouth Meeting, Pennsylvania.

6. At all relevant times, Defendants acted as joint and/or integrated employers of Plaintiff within the meaning of the statutes that form the basis of this matter.

7. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

8. At all relevant times, Defendants employed more than fifteen (15) people.

9. At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

**III.    JURISDICTION AND VENUE**

10. The causes of action set forth in this Complaint arise under the ADA, the FMLA

and the LAD.

11.     The District Court has subject matter jurisdiction over Count I (ADA) and Count II (FMLA) pursuant to 28 U.S.C. § 1331.

12.     The District Court has supplemental jurisdiction over Count III (LAD) pursuant to 28 U.S.C. § 1367.

13.     Venue is proper under 28 U.S.C. § 1391(b).

14.     On or about June 7, 2023, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), complaining of the various acts of discrimination and retaliation alleged herein.  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the June 7, 2023 Charge of Discrimination filed with the EEOC (with minor redactions for purposes of electronic filing of confidential/identifying information).

15.     On or about October 16, 2023 the EEEOC issued Plaintiff a Notice of Dismissal and Right to Sue, informing him that he had the right to bring suit in either Federal or State Court within ninety (90) days of his receipt of the Right to Sue Notice.  Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of the October 16, 2023 Notice of Right to Sue from the EEOC.

16.     Plaintiff has complied with all administrative pre-requisites for the commencement of this action.

**IV.    FACTUAL ALLEGALTIONS**

17.     Plaintiff was hired by Defendants in December 2014 as Director of Clinical Operations.

18.     Plaintiff reported to Michael Fried, President and Chief Executive Office of Defendants.

3

19. In or about November 2019, Plaintiff was diagnosed with bladder cancer.

20. In the Fall of 2021, Plaintiff learned that he needed to undergo surgery as part of his cancer treatment.

21. Throughout the Fall of 2021 and early Winter of 2022, Plaintiff underwent chemotherapy treatments for his cancer diagnosis.

22. Plaintiff informed Cheryl Provost, Human Resources, that he required surgery in connection with his cancer treatment and that he would need to take a medical leave of absence for the same.

23. On or about February 4, 2022, Plaintiff commenced a medical leave of absence.

24. On or about February 7, 2022, Plaintiff underwent surgery.

25. Plaintiff's surgery involved the removal of his bladder and the rebuilding thereof utilizing certain pieces of his colon.

26. Plaintiff experienced complications in connection with his surgery, which extended his medical leave beyond six (6) weeks.

27. Plaintiff was admitted to the hospital several times in 2022 in connection with his cancer treatments and recovery.

28. At or around the commencement of Plaintiff's medical leave, his job title changed from Director of Clinical Operations to Director of Nursing.

29. In or about March 2022, Fried told Plaintiff that he would return to the Director of Nursing position when he was cleared to return to work.

30. During his medical leave of absence, Plaintiff maintained regular contact with Fried and continued to update him on his cancer treatment and recovery.

31. In or about the Spring of 2022, Defendants hired Dawn Morris into the Director of

Nursing position.

32. Following the hire of Ms. Morris, Fried informed Plaintiff that there would be a position available for him at Defendants upon his return to work.

33. In or about August 2022, Plaintiff informed Fried that he planned to return to work in September 2022.

34. On or about September 8, 2022, in a phone call with Nicole O'Keefe, Human Resources Representative, and Darlene Pepler, Human Resources Director, Defendants terminated Plaintiff's employment.

35. The reason provided by Defendants for Plaintiff's termination was that Defendants had to replace him since he had been out of work for more than twenty-four (24) weeks.

36. Plaintiff informed O'Keefe that Fried stated he would have a job upon being cleared to return to work.

37. On or about September 20, 2022, Plaintiff informed Fried that he had been cleared to return to work.

38. On or about September 24, 2022, Plaintiff submitted a doctor's note to Defendants clearing him to return to work.

39. In submitting his doctor's note, Plaintiff requested the reasonable accommodation of light duty and requested to be excused from work for necessary follow-up appointments and tests as he continued to recover from his cancer and corresponding treatment.

40. On or about September 24, 2022, following Plaintiff's submission of his doctor's note, Fried informed Plaintiff that had a position planned for him to return to.

41. Plaintiff received no further communications from Fried regarding a return to employment with Defendants.

42. Plaintiff's cancer, his medical leave of absence, his request for light duty, and his requests to periodically take days off to recover from surgery related to his cancer, were each motivating and/or determinative factors in Defendants' discriminatory and retaliatory treatment of him.

43. As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – Americans with Disabilities Act

44. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

45. By committing the foregoing acts of discrimination and retaliation Defendants have violated the ADA.

46. Defendants further violated the ADA by failing to provide Plaintiff with reasonable accommodations for his disability.

47. Defendants acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

48. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

49. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

50. No previous application has been made for the relief requested herein.

## COUNT II – FMLA

51. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

52. At all relevant times, Defendants employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplaces.

53. Plaintiff had worked for Defendants for at least 1,250 hours in the twelve months period preceding his need for medical leave

54. At all relevant times, Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

55. At the time of Plaintiff's termination, Plaintiff was eligible for leave under the FMLA.

56. At all relevant times, Defendant was subject to the requirements of the FMLA.

57. By committing the foregoing acts of discrimination and retaliation against Plaintiff Defendants violated the FMLA.

58. Plaintiff's exercise of his FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendants' conduct towards Plaintiff, including terminating his employment.

59. By its actions set forth herein, Defendants interfered with Plaintiff's right to FMLA-protected medical leave.

60. Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA. Defendants' violations of the FMLA warrant the imposition of liquidated damages.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory, retaliatory, and unlawful acts unless and until the Court grants the relief requested herein.

62. No previous application has been made for the relief requested herein.

### COUNT III – LAD

63. Plaintiff incorporates herein by reference the paragraphs set forth above as if set forth herein in their entirety.

64. By committing the foregoing acts of discrimination and retaliation Defendants have violated the LAD.

65. Defendants further violated the LAD by failing to provide Plaintiff with reasonable accommodations for his disability.

66. As a direct and proximate result of Defendants' violation of the LAD, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

67. Members of Defendants' upper management were directly involved in and/or willfully indifferent to the discrimination and retaliation set forth herein and its conduct was especially egregious, thus warranting the imposition of punitive damages.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

69. No previous application has been made for the relief requested herein.

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, John Roethke, and against Defendants:

a) declaring the acts and practices complained of herein to be in violation of ADA;

b) declaring the acts and practices complained of herein to be in violation of the FMLA;

c) declaring the acts and practices complained of herein to be in violation of the LAD;

d) enjoining and restraining permanently the violations alleged herein;

e) awarding damages to Plaintiff for the past and future economic losses that he has suffered;

f) awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

g) awarding punitive damages to Plaintiff;

h) awarding liquidated damages to Plaintiff;

i) awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

j) granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

Dated: January 12, 2024        BY: _____
Daniel S. Orlow, Esq.
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
(215) 545-7676
Attorney for Plaintiff, John Roethke.

9

# Exhibit "A"

| CHARGE OF DISCRIMINATION | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|

This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form.

**STATE OR LOCAL AGENCY:**

| NAME (Indicate Mr., Ms., Mrs.)<br>**John Roethke** | HOME TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Tom's River, NJ 08757 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**AdaptHealth, LLC; AdaptHealth Corp. Community Surgical Supply; Community Surgical Supply of Toms River, LLC** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(800) 349-2990 |
|---|---|---|
| STREET ADDRESS<br>1163 NJ-37 # C1 | CITY, STATE AND ZIP<br>Toms River, NJ 08755 | COUNTY<br>Ocean |

CAUSE OF DISCRIMINATION (Check appropriate box(es))
Q Race   Q Color   Q Sex   Q Religion   Q National Origin
X Retaliation   Q Age   X Disability   Q Other (Specify)

DATE DISCRIMINATION TOOK PLACE
Earliest            Latest 10/11/2022

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent in or about 2014. I last held the position of Director of Nursing. I last reported to Michael Fried, President and Chief Executive Officer of Community Surgical Supply. Fried reported to Stephen Griggs, Chief Executive Officer of AdaptHealth.

Respondent terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability, including a medical leave of absence. Respondent terminated my employment on the day I was planning to return to work from my medical leave of absence. Respondent hired and retained, in positions for which I was qualified, nondisabled[a] employees and/or employees who had not sought reasonable accommodations[b] for a disability and/or employees who had not taken a medical leave of absence. When I was terminated, I had more than eight (8) years of service at Respondent.

I consistently demonstrated positive performance and dedication to Respondent. I performed my duties in a highly-competent manner.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures

NOTARY - (when necessary for State and Local Requirements)

I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief.

I declare under penalty or perjury that the foregoing is true and correct.

Date: 6/7/23   Charging Party (Signature):

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year)

---

[a] References herein to a person not having a disability are all to the best of my knowledge.

[b] References herein to a person not having sought reasonable accommodations or taken a medical leave of absence are all to the best of my knowledge.

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

2. Harm Summary

I have been discriminated against because of my disability (including history of and regarded as), and retaliated against because of my seeking reasonable accommodations for my disability, including taking medical a leave of absence. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following.

(a) In November 2019, I was diagnosed with bladder cancer.

(b) Following the above, I underwent chemotherapy for my bladder cancer.

(c) In October 2021, I learned I would require surgery in connection with my bladder cancer.

(d) In October 2021, following the above, I told Cheryl Provost, Human Resources, that I required surgery in connection with my bladder cancer and that I would need to take a medical leave of absence for the same.

(e) From October 2021 through February 2022, I underwent chemotherapy for my bladder cancer.

(f) On February 4, 2022, I went out of work on a medical leave of absence.

(g) On February 7, 2022, I underwent surgery for my bladder cancer. I had my bladder removed, and some of my colon was used to make a new bladder.

(h) Respondents were aware that I was diagnosed with bladder cancer and underwent chemotherapy and surgery for the same.

(i) I experienced complications in connection with my surgery, which extended my medical leave of absence beyond six (6) weeks.

(j) I was admitted to the hospital nine (9) times in 2022 in connection with my disability and recovery.

(k) In or about March 2022, in a phone call with Fried, he told me that I would return to my same position when I was cleared to return to work.

(l) In or about May 2022, in a phone call with Fried, he told me that Respondents were replacing me as Director of Nursing. Fried told me not to worry about it, and that he had something in mind for me when I was cleared to return to work.

(m) While I was out on medical leave, Respondents hired Dawn Morris, Director of Nursing.

(n) While I was on a medical leave of absence, I maintained regular contact with Fried and continued to update him on my medical condition and recovery.

(o) In August 2022, I told Fried that I planned to return to work in September 2022.

(p) On September 8, 2022, in a phone call with Nicole O'Keefe, Human Resources Representative, and Darlene _____, Human Resources Director, Respondents terminated my employment. The stated reason was that Respondents made a mistake and I should have been terminated three (3) weeks earlier. They told me that, because I had been out of work for more than twenty-four (24) weeks, Respondents had to replace me. I stated that Fried had told me that I would have a



2

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

job upon my being cleared to return to work. They stated that Fried should not have told me that.

(q) On September 20, 2022, in a text message to Fried, I stated that I had been cleared to return to work.

(r) On September 24, 2022, in a text message to Fried, I submitted my doctor's note, dated September 23, 2022, which cleared me to return to work. In my doctor's note, I requested the reasonable accommodation of light duty and requested to be excused from work for necessary follow-up appointments and tests as I continued to recover from my illness.

(s) On September 24, 2022, following the above, in a text message from Fried, he stated that he would work on finding me a position to return to work.

(t) I did not receive any communication regarding a position for me at Respondents.

(u) On October 11, 2022, in a text message to Fried, I asked him whether I had a job.

(v) I received no response to my above text message.

(w) Respondents terminated my employment because of my disability and/or my seeking reasonable accommodations for my disability and/or my medical leave of absence.

(x) I had no opportunity to remain employed with Respondents.

(y) I was, to my knowledge and belief, the only employee that Respondents terminated on September 8, 2022.

(z) Respondents retained all other employees reporting to Fried—all of whom were nondisabled and/or had not sought reasonable accommodations for a disability.

(aa) Before I disclosed my disability to Respondents, I had no indication that my job was in jeopardy.

(bb) Respondents replaced me with Morris. I was more qualified to perform my position than the nondisabled employees who had not sought reasonable accommodations for a disability or taken a medical leave of absence with whom Respondents replaced me.

(cc) I had no performance or disciplinary issues throughout my employment with Respondents.

(dd) Respondents' disability discriminatory and retaliatory conduct has caused me emotional distress.

(ee) Respondents did not target or treat in the same way similarly situated nondisabled employees and/or employees who did not take a medical leave of absence or request a reasonable accommodation for a disability.

'B.   1.   Respondents' Stated Reasons

  (a)   Respondents' stated reason for terminating my employment is pretext for disability discrimination and/or retaliation for seeking reasonable accommodations for my disability and taking a medical leave of absence.



3

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

C.   1.   Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my disability (including history of and regarded as), and retaliated against me based on my seeking reasonable accommodations for my disability, including taking a medical leave of absence for my disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.



# Exhibit "B"

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/16/2023

**To:** John Roethke
████████████
Toms River, NJ 08757
Charge No: 530-2023-05840

EEOC Representative and #:    Legal Unit

(267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2023-05840.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
10/16/2023

Karen McDonough
Deputy District Director